IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN WYSONG,

        Plaintiff,

                                  CASE NO. C2-03-269
v.                              JUDGE EDMUND A. SARGUS, JR.
                                  MAGISTRATE JUDGE NORAH MCCANN KING

CITY OF HEATH, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion for Summary Judgment filed by Defendants Bruce Ramage and Jaimee Coulter. For the reasons that follow, the Motion is DENIED.

### I.

The Defendants' current Motion for Summary Judgment is essentially a third attempt to litigate the issues that the Court has addressed on at least two previous occasions. This case is scheduled for trial on November 6, 2006. The issue raised in the current Motion for Summary Judgment was first addressed in this Court's Opinion and Order of January 18, 2005 regarding the single remaining claim of the Plaintiff accusing the Defendants of using excessive force in violation of the Fourth Amendment. In the first Opinion and Order, this Court held:

> In this case, the essential facts – Plaintiff's behavior while he was on the ground – are in dispute. Defendants claim that Plaintiff resisted their efforts to restrain him and Plaintiff claims that he was in an unconscious state, not resisting Defendants, and was nonetheless struck by the officers. Given this divergence,

> summary judgment is inappropriate for either Plaintiff or Defendants on the Fourth Amendment excessive force claim. The Court therefore denies both motions on the issue.

Thereafter, the Defendants sought reconsideration of the same issue addressed in the Court's Opinion and Order of January 18, 2005. In an Opinion and Order issued on February 24, 2005, the Court noted that the Defendants sought to raise an issue regarding Plaintiff's alleged lack of personal knowledge which could have been raised in the original briefing on summary judgment. Nonetheless, the Court considered the additional arguments raised by the Defendant and again found:

> In the Court's view, the fact that Plaintiff cannot testify as to his conduct while he was face down on the ground does not necessarily make the extent of force used on him reasonable as a matter of law. Plaintiff can testify to his medical condition and his unconscious state. Both Officers Coulter and Ramage testified that Plaintiff was screaming. Both Officers used force to restrain Plaintiff at a time when Plaintiff claims he was unconscious. The issue is whether the Defendants used excessive force when such force was unnecessary, particularly if the Plaintiff was unconscious. There is evidence to support competing conclusions. The question must be resolved by a jury.

Thereafter, the Defendants filed an interlocutory appeal to the Court of Appeals for the Sixth Circuit. On February 15, 2006, a panel of the Sixth Circuit affirmed the decisions rendered by this Court on January 18, 2005 and February 24, 2005.

On remand, the parties met for a scheduling conference with the Magistrate Judge assigned to his case. Discovery was opened for the limited purpose of exploring matters occurring while the case was on appeal. Nonetheless, for the first time in this proceeding, Defendants deposed the Plaintiff and questioned him as to matters involving the incident surrounding his claim of excessive force. On May 22, 2006, Defendant filed yet again a Motion

for Summary Judgment. In this motion, the Defendants claim that the Plaintiff's testimony, together with an affidavit from an eyewitness, Trese L. Whytal, justifies summary judgment in the Defendants' favor.

Initially, this Court notes that the Defendants should have taken the Plaintiff's deposition long before the decision from the Court of Appeals. Further, the testimony cited from the Plaintiff's deposition does not in any way change the Court's view that the evidence reveals a conflict in the testimony regarding the critical issue in this case, that being whether excessive force was used. As to Trese L. Whytal, the Defendants attached her written statement in support of the original Motion for Summary Judgment. The Defendants have offered no reason to explain why the Court should now consider testimony from a witness consistent with a written statement in the possession of the Defendants for the last several years.

## II.

For the reasons herein set forth, the Defendants' Renewed Motion for Summary Judgment is **DENIED** in its entirety.

**IT IS SO ORDERED.**

10-25-06
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**